NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN WILCOX,

Plaintiff-Appellant,

v.

DEARBORN INSURANCE COMPANY;
AMGEN, INC. LIFE INSURANCE PLAN,

Defendants-Appellees.

No. 23-55484

D.C. No.
2:21-cv-04605-JLS-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 9, 2024[**]
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

Plaintiff-Appellant Kevin Wilcox was denied the waiver-of-premium benefit

provided to disabled participants under his life insurance plan, which is insured by

Defendant-Appellant Dearborn Insurance Company. Wilcox sued Dearborn to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recover benefits under the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1132(a)(1)(B). Following a trial on the record, the district court entered judgment for Dearborn, and Wilcox appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's legal conclusions de novo and factual findings for clear error. Fed. R. Civ. P. 52(a)(6); *Collier v. Lincoln Life Assurance Co. of Bos.*, 53 F.4th 1180, 1185 n.4 (9th Cir. 2022). We review the district court's determination that Wilcox did not show that he was totally disabled under the life insurance plan for clear error. *Deegan v. Cont'l Cas. Co.*, 167 F.3d 502, 508 (9th Cir. 1999).

1.    To qualify for the waiver-of-premium benefit, Wilcox had to provide "satisfactory written proof" that he could not work in "any occupation" for which he was qualified. Wilcox argues that Dearborn and the district court erred by requiring him to show "persistent symptomatology" rather than recognizing that the risk of his depression relapsing if he returned to work made him totally disabled. Under the terms of the plan, he contends, he was totally disabled because his psychiatrist diagnosed him as unable to work.

Neither Dearborn nor the district court required Wilcox to show ongoing symptoms of depression, or "persistent symptomatology," to demonstrate that he was totally disabled. Instead, they concluded that, in the absence of ongoing

2

symptoms, the evidence presented by Wilcox was insufficient to show that he could not work in any occupation. Wilcox argues that he could not work because his psychiatrist stated that Wilcox's depressive orders "were likely to exacerbate in the context of work related stress." The district court's view that a likely exacerbation of depression did not establish a total inability to work in any occupation was plausible and thus not clearly erroneous. *See Minidoka Irrigation Dist. v. Dep't of the Interior*, 406 F.3d 567, 572 (9th Cir. 2005) (describing the clear error standard of review).

2. Wilcox next argues that the district court improperly considered reasons that Dearborn did not provide in its appeal denial. When a claim for benefits under a plan has been denied, the plan administrator must "provide adequate notice . . . setting forth the specific reasons for such denial." 29 U.S.C. § 1133(1). A reviewing district court must examine only the administrator's rationales. *Collier*, 53 F.4th at 1188. Here, Dearborn provided Wilcox the specific reasons for its denial: evidence showed that Wilcox's depression was improving, and the evidence after July 2019 suggested only that returning to work would likely "exacerbate" his depressive disorders. Dearborn cited the evidence on which it relied, and it provided enough detail to "ensure meaningful review." *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1199 n.2 (9th Cir. 2010) (quoting *Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113, 129 (1st Cir. 2004)). The district court

3

evaluated the record and agreed with Dearborn's explanation. While the district court explained its conclusion in greater detail than Dearborn had, it did not adopt new rationales that "sandbagged" Wilcox. *See Collier*, 53 F.4th at 1188.

**AFFIRMED.**